## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARIA GEORGE,               )

         Plaintiff,            )

           v.                 )       No. 18 C 6421

                           )       Hon. Marvin E. Aspen

AMGEN, INC.,             )

         Defendant.        )

### MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

Defendant Amgen, Inc. moves to dismiss Plaintiff Maria George's Complaint for want of prosecution under Rule 41(b). (Motion to Dismiss (Dkt. No. 98).) Also, Plaintiff Maria George moves, for the second time, to substitute her son, Anthony George, as the party plaintiff or to amend her complaint ((Second Motion to Substitute (Dkt. No. 100).) For the following reasons, we grant Defendant's motion and deny Plaintiff's motion.

### BACKGROUND

We assume familiarity with this case's pleaded facts as summarized in our previous rulings. *See, e.g.*, *George v. Amgen, Inc.*, No. 18 C 6421, 2019 WL 10893813 (N.D. Ill. June 6, 2019).

Plaintiff Maria George has repeatedly failed to move this case forward by disregarding court orders and delaying the discovery process. Plaintiff failed to respond to Defendant's discovery requests and delayed several months before providing medical record authorizations (Dkt. No. 35), did not appear for a hearing on Defendant's motion to compel such responses and authorizations (Dkt. No. 42), refused to appear for a properly-noticed deposition (Dkt. No. 67 at

5), and sought an extension of her expert disclosure deadline at 11:00 p.m. on the date those disclosures were due. (Dkt. Nos. 81, 84.) Then, less than one month before close of fact discovery, Plaintiff's counsel, for the first time, told Defendant that Plaintiff would not attend her deposition due to competency issues. (Dkt. No. 68.) Thereafter, Defendant moved to compel Plaintiff to be deposed or, in the alternative, to dismiss the case for want of prosecution. (Dkt. No. 65.) Magistrate Judge Cummings granted that motion to compel: "Plaintiff is ordered to either appear for her deposition or file an appropriate motion for substitution pursuant to Federal Rule of Civil Procedure 25(b) by 1/8/21." (Dkt. No. 80.) Magistrate Judge Cummings forewarned that "[i]f plaintiff does not comply with this deadline, the Court will recommend to the District Court that this case should be dismissed." (*Id.*) Plaintiff then filed a motion to substitute the named plaintiff under Rule 25(b) before us, and we denied that motion without prejudice, granting Plaintiff "leave to file a similar motion within 7 days *if* it is supported by an updated affidavit or declarations from a treating physician" testifying as to "whether Plaintiff is presently, or will soon be, able to participate in a virtual deposition, and if not, whether there are any accommodations that would afford Plaintiff an opportunity to be deposed." (Dkt. No. 96 (emphasis added).) In the same Order, we said that we would "consider Magistrate Judge Cummings' recommendation to dismiss the case for want of prosecution" unless, by February 11, 2021, Plaintiff either (1) filed a motion to substitute supported by a treating physician's affidavit or declaration or (2) agreed to be deposed.

Plaintiff did not file such a motion or agree to be deposed by February 11, 2021. Instead, Plaintiff filed an affidavit signed by her own lawyer that was unattached to a motion. (Macchitelli Affidavit (Dkt. No. 97).) Her lawyer's affidavit incorporated a letter from Plaintiff's treating physician, Katherine Katsoyannis, M.D. (*Id.* at 5.) That letter stated that

2

Plaintiff "suffers from a permanent and progressive medical condition which renders her incapable of making personal or financial decisions. She can no longer manage her affairs. If I can be of further assistance please do not hesitate to call." (*Id.*)

Plaintiff's motion to substitute was eventually filed, albeit nineteen days past the February 11, 2021 deadline. (Second Motion for Substitution (Dkt. No. 100).) Except for the titles, that motion is virtually duplicative of Plaintiff's brief in response to Defendant's motion to dismiss for want of prosecution. (Response to Motion to Dismiss (Dkt. No. 101).)

## STANDARD OF LAW

Under Rule 41(b), if a plaintiff fails to prosecute her case, or to comply with either the Federal Rules of Civil Procedure or a court order, a defendant may move to dismiss the lawsuit. Fed. R. Civ. P. 41(b) ("Involuntary Dismissal"); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993); *Allen v. Stuart-Ironsides, Inc.*, No. 93-cv-499, 1994 WL 592106, at *1 (N.D. Ill. Oct. 26, 1994) (Aspen, J.), *aff'd*, 70 F.3d 1274 (7th Cir. 1995) (dismissing lawsuit for want of prosecution after plaintiff refused to appear for his ordered deposition and then obstructed the discovery process). "A Rule 41(b) dismissal is a harsh sanction appropriate only when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proved unavailing. *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018).

The Seventh Circuit has directed its district courts to consider six factors when entertaining a Rule 41(b) motion: (1) the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, (2) the apportionment of responsibility for those failures between the plaintiff and his counsel, (3) the effect of those failures on the judge's calendar and time, (4) the prejudice, if any, to the defendant caused by the plaintiff's dilatory conduct, (5) the probable merits of the suit, and (6) the consequences of dismissal for the social

3

objectives of the type of litigation that the suit represents. *McMahan v. Deutsche Bank AG*, 892

F.3d 926, 931-32 (7th Cir. 2018).  We may also consider other relevant circumstances like delay,

contumacious conduct, and the ineffectiveness of less drastic sanctions. *See Jones v. M/A Mgmt.*

*Corp.*, 773 F. App'x 844, 847 (7th Cir. 2019) (emphasizing that a Rule 41(b) dismissal is

permissible when there is delay or contumacious conduct or less drastic sanctions have proven

unavailing).

**ANALYSIS**

We begin by outlining the grounds for Defendant's motion to dismiss for want of

prosecution as it also relates to Plaintiff's Second Motion to Substitute, then turn to evaluate

Plaintiff's conduct considering the *McMahan* factors, and end with Plaintiff's request to amend

the complaint.

## I.     Plaintiff's Conduct

As noted above, Plaintiff has failed to prosecute her case on multiple occasions: failing to

respond to Defendant's discovery requests and delaying several months to provide medical

record authorizations (Dkt. No. 35), failing to appear for a hearing on Defendant's motion to

compel such responses and authorizations (Dkt. No. 42), refusing to appear for a properly-

noticed deposition (Dkt. No. 67 at 5), and seeking an extension of her expert disclosure deadline

at around 11:00 p.m. on the date those disclosures were due. (Dkt. Nos. 81, 84.)  Additionally,

Plaintiff was afforded many opportunities to evidence her medical incompetency to be deposed,

to no avail.  For example, in November 2020, Plaintiff ignored Magistrate Judge Cummings'

Order that directed her to provide documentation from healthcare providers to show that she was

incompetent to be deposed. (Dkt. No. 74.)  Then, Magistrate Judge Cummings forewarned

Plaintiff that she should "either appear for her deposition or file an appropriate motion for

4

substitution . . . . If plaintiff does not comply with this deadline, the Court will recommend to the District Court that this case should be dismissed." (Dkt. No. 80.) Plaintiff failed to comply with that order because, as we explained previously, Plaintiff's request lacked enough medical evidence. (Dkt. No. 96.) We gave Plaintiff one last chance to do so when we denied Plaintiff's first motion to substitute party:

> We grant Plaintiff leave to file a similar motion within 7 days *if* it is supported by an updated *affidavit or declarations from a treating physician*. The affidavit or declaration should, at the very least, *indicate whether Plaintiff is presently, or will soon be, able to participate in a virtual deposition, and, if not, whether there are any accommodations that would afford Plaintiff an opportunity to be deposed*. Alternatively, Plaintiff shall agree to appear at a virtual deposition. If no such motion or agreement is made within 7 days, then we will consider Magistrate Judge Cummings' recommendation to dismiss the case for want of prosecution. It is so ordered.

(Dkt. No. 96 (emphasis added).)

Plaintiff did not comply with our Order. First, instead of filing an affidavit or declaration from her treating physician, Plaintiff filed an affidavit from her lawyer, James Macchitelli. (Macchitelli Affidavit (Dkt. No. 97).) Her lawyer's affidavit incorporated a letter from Plaintiff's treating physician, Katherine Katsoyannis, M.D. (*Id.* at 5.) There is no explanation as to why Plaintiff and her lawyer chose to submit an affidavit signed by counsel instead of an affidavit or declaration from her treating physician, as we specifically ordered.

Nevertheless, this three-sentence letter from the treating physician did not substantively answer, as we ordered, whether Plaintiff can be deposed and whether any accommodations could be made that would allow her to be deposed. It instead stated that Plaintiff "suffers from a permanent and progressive medical condition which renders her incapable of making personal or financial decisions. She can no longer manage her affairs. If I can be of further assistance please do not hesitate to call." (*Id.*) Courts have declined to find incompetency in cases with more

5

evidence presented than Plaintiff has put forth here. *See, e.g., Powell v. Symons*, 680 F.3d 301, 309 (3d Cir. 2012) (finding a lack of evidence in support of an incompetency finding where the only evidence in favor of such was a treating physician's letter that stated "I do not feel [the litigant] is competent at this time."); *Turner v. Palmer*, Case No. 114-cv-00024JEFHCA, 2015 WL 11622968, at *2 (S.D. Iowa May 13, 2015) (holding that "the burden of proof of incompetency rests with the party asserting it," and that that litigant had not met the burden "on the basis of a single, short letter from an examining doctor.") Simply put, nothing on the record supports the inference that Plaintiff's inability to make personal and financial decisions means that she cannot answer questions at a deposition.[1]

Last, Plaintiff's second motion to substitute was filed nineteen days' tardy, on the date on which Plaintiff's Response to Defendant's motion to dismiss was due, and that motion again lacked the court-mandated treating physician affidavit or declaration. (Second Motion for Substitution (Dkt. No. 100.)

As set forth above, Plaintiff repeatedly failed to prosecute her case. For the same reasons on which we grant Defendant's motion to dismiss for want of prosecution, we deny Plaintiff's Second Motion to Substitute as it is virtually duplicative of her Response to Defendant's motion to dismiss for want of prosecution. (Dkt. No. 100.)[2]

## II.    *McMahan* Factors

We weigh the above actions under the applicable *McMahan* factors: (1) the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit,

---

[1] Nor did Plaintiff address our direction to answer whether there are any accommodations that would allow her to be deposed.

[2] Plaintiff's request to substitute and/or amend her complaint to change the named Plaintiff to her son is additionally denied as moot following our dismissal for want of prosecution.

(2) the apportionment of responsibility for those failures between the plaintiff and his counsel, (3) the effect of those failures on the judge's calendar and time, (4) the prejudice, if any, to the defendant caused by the plaintiff's dilatory conduct, (5) the probable merits of the suit, and (6) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931-32 (7th Cir. 2018).

As discussed above, the first factor weighs in favor of dismissal since Plaintiff repeatedly missed deadlines in this case. The second factor weighs neither for nor against dismissal since it is unclear to what extent Plaintiff individually bears responsibility for these failures versus her counsel. The third factor weighs against Plaintiff because these failures have needlessly consumed judicial resources: this case was filed in 2018 and remains pending nearly three years later due largely to delays caused by Plaintiff. (*See, e.g.*, Dkt. No. 11 (Plaintiff's motion for extension of time to respond to a motion to dismiss); Dkt. No. 34 (Defendant's motion to compel discovery responses); Dkt. No. 42 (Order wherein Magistrate Judge Cummings wrote that "Plaintiff's counsel fails to appear . . . . defendant's motion to compel is granted."); Dkt. No. 47 ("Agreed Motion for Extension of Discovery Deadline"); Dkt. No. 65 (Defendant's motion to Compel Plaintiff to attend her deposition); Dkt. No. 80 (Magistrate Judge Cummings: "Defendant's motion to compel plaintiff to attend her properly-noticed deposition . . . is granted."); Dkt. No. 81 (Plaintiff's Motion for extension of time); Dkt. No. 96 (denying Plaintiff's motion to substitute and ordering Plaintiff to file a similar one supported by an affidavit or declaration from a treating physician, or agree to be deposed, or we would "consider Magistrate Judge Cummings' recommendation to dismiss the case for want of prosecution.").) The fourth factor weighs against Plaintiff too because Defendant has necessarily incurred needless costs in defending against this lawsuit due to Plaintiff's reluctance to follow court

orders and discovery procedures. (*See id.*)  The fifth factor does not weigh favorably to either

party because the case is both fact intensive as alleged and underdeveloped (since we do not have

the facts elicited in discovery and Plaintiff has refused to be deposed) such that it would be

premature to assess the merits of the case.  The sixth factor is the only factor that weighs

favorably for the plaintiff because her lawsuit seeks to redress an important societal issue: an

injury that Defendant's pharmaceutical allegedly caused.  Weighing these factors, four weigh for

dismissal and only one weighs for Plaintiff.

### III.    Plaintiff's Request to Amend her Complaint

Plaintiff also moves to amend the Complaint.  The request to amend is denied.  First, this

request is about one and a half years late.  Although Plaintiff wrongly claims that "there has been

no deadline set to amend pleadings" (Dkt. Nos. 100 ¶ 19 and 101 ¶ 19), we previously set the

deadline to amend the pleadings for November 1, 2019. (Dkt. No. 29 ¶ 3 ("The deadline to join

additional parties/amend the pleadings is **November 1, 2019** (emphasis in original).)

Additionally, Plaintiff did not submit a proposed amended complaint and so we are unaware of

the exact nature of the amendments proposed. *See, e.g.*, *Hecker v. Deere & Co.*, 556 F.3d 575,

591 (7th Cir. 2009) (affirming denial of leave to amend under Rule 59(e) "because the plaintiff

did not attach an amended complaint and did not indicate the 'exact nature of the amendments

proposed.'") (internal citation omitted).  This is important because it prevents us from evaluating

the proposed amendments under Rule 11.  *Jones v. Elrod*, No. 86-cv-7592, 1988 WL 40929, at

*1 (N.D. Ill. Apr. 25, 1988) ("Regardless of whether [Rule] 15 requires submission of the

proposed amended complaint, we will not grant the motion for leave to amend unless we are

satisfied counsel has complied with [Rule] 11.") (Aspen, J.)  Indeed, even Plaintiff's motion

suggests that she is not presently prepared to file an amended complaint that complies with Rule

11 because, for one, she wrote in her motion that she would move to add a Lymphoma claim "'[o]nce the proper professional report is prepared." (Second Motion to Substitute ¶ 11.) Since that sentence suggests that this "proper professional report" is not yet complete, under Plaintiff's own indication, it would be premature for us to think that the amended complaint is ready to be filed in a format that would comply with Rule 11. (*See id.*)

Last, to the extent Plaintiff moves to amend her complaint under Rule 15 to change the named plaintiff to her son, we deny that request for the same reasons we denied it under Rule 25.

## CONCLUSION

For the reasons stated above, we grant Defendant's motion and dismiss Plaintiff's Complaint for want of prosecution with prejudice, and deny Plaintiff's Second Motion to Substitute her son as party plaintiff. (Dkt. Nos. 98, 100.) It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: March 22, 2021

9